UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATE S. LAMING,

    Plaintiff,

v().                                    CASE NO: 8:15-CV-2378-T-30MAP

TARGET CORPORATION,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Amend and Remand (Dkt. 13) and Defendant's Response in Opposition (Dkt. 17). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Katie Laming filed the instant action against Defendant Target Corporation in Florida state court on July 2, 2015. The complaint alleges that Laming was injured in April 2014, when she slipped and fell at a Target store located in Davenport, Florida.

Target served Laming with discovery in the state-court action. Target removed the case to this Court on October 8, 2015, within thirty days of receiving Laming's response to request for admissions indicating that her damages were in excess of $75,000.

On December 8, 2015, Laming filed the instant motion to amend and remand. The motion does not argue that the removal was untimely or that Laming's damages do not meet the jurisdictional amount. Rather, Laming requests that the Court permit her to add Target's store manager, a non-diverse defendant, to this lawsuit. The joinder of this party would destroy diversity and require remand of the action to state court.

## **DISCUSSION**

Laming's terse, three-page motion, fails to argue the applicable law. Laming briefly references Rule 15 in her motion—but this rule is inapplicable to post-removal joinder of non-diverse parties. Specifically, when a plaintiff seeks to join a non-diverse defendant *after* a case has been removed, the analysis begins with 28 U.S.C. § 1447(e), rather than the liberal amendment standard of Rule 15 of the Federal Rules of Civil Procedure. *See Henry v. K-Mart Corporation*, No. 8:10-cv-2105-T-33MAP, 2010 WL 5113558, at *1-*2 (M.D. Fla. Dec. 9, 2010) (citing *Ingram v. CSX Transp., Inc.,* 146 F.3d 858, 862 (11th Cir. 1998)). Under Section 1447(e), a district court has the following discretion: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e).

Section 1447(e) requires an evaluation of the following factors when considering a request to add a non-diverse defendant: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the

amendment is not allowed; and (4) any other factors bearing on the equities." *Henry*, 2010 WL 5113558, at *1-*2 (citing *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987)). Notably, Laming has not addressed any of these factors in her motion to amend. The Court's review of these factors, however, makes clear that Laming's request to amend to add the store manager must be denied.

The timing of Laming's motion suggests that the purpose of the requested amendment is to defeat federal diversity jurisdiction. Laming did not seek to amend her complaint to add the store manager until *after* this case was removed.

Related to the timing of Laming's motion, the Court also determines that Laming has been dilatory in her request to amend the complaint. The Court sees no valid reason for Laming's failure to add Target's store manager as a defendant at or shortly after the commencement of this suit. Laming could have sought the amendment at any time during the state-court proceeding. She did not. Further, Laming had sufficient time (approximately 1 year and 3 months) in which she could have learned the store manager's name before filing her complaint in state court. Laming's motion, again relying on the wrong standard of law, does not address this factor in any great detail.

The Court also determines that the denial of the motion to amend will not be unduly prejudicial because Laming may receive a full recovery against Target in this action. *See Osgood v. Discount Auto Parts, LLC*, 955 F. Supp. 2d 1352, 1355-56 (S.D. Fla. 2013) (denying a similar motion to amend and determining, in relevant part, that the plaintiff would not be significantly prejudiced by the denial because he could obtain a judgment against the

store without the presence of its employee).

It is therefore **ORDERED and ADJUDGED** that Plaintiff's Motion to Amend and Remand (Dkt. 13) is denied.

**DONE** and **ORDERED** in Tampa, Florida on December 18, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record